IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YORANDO NAVARRO LUGO,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden, Northwest ICE Processing Center,<br>Respondent.<br>v.<br>UNITED STATES OF AMERICA,<br>Interested Party, | No. 2:26-CV-02574-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4. Petitioner is representing himself in the matter. Respondent is represented by Kristen R. Vogel.

Petitioner is a citizen of Cuba and entered the United States in November, 2022. Soon thereafter, Petitioner was apprehended by immigration officials and was released pending removal proceedings. Petitioner was re-detained on May 26, 2026, and has a pending appeal regarding an order of removal against him. Petitioner did not receive notice or an opportunity to be heard at the outset of his re-detention

Civil immigration detainees who resided in the United States prior to their

present detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th Cir. 2026). Instead, these individuals are subject to the detention scheme under 8 U.S.C. § 1226. *Id*.

Given the information available at this time, it does not appear that Petitioner has a qualifying prior criminal conviction that would subject him to mandatory detention under 8 U.S.C. § 1226(c). As Petitioner is not detained pursuant to 8 U.S.C. §§ 1225(b) or 1226(c), he is subject to discretionary detention under 8 U.S.C. § 1226(a). *Id*.; *See also, Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1,

2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2022. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detention was the impetus for the pending controversy. Therefore, Petitioner should be released as that was his status prior to re-detention. *See Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 4, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-

detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to pro se Petitioner and counsel.

**DATED** this 1st day of October 2026.

Stanley A. Bastian
United States District Judge